1

2

3

4

5

6

7                   IN THE UNITED STATES DISTRICT COURT FOR THE

8                        EASTERN DISTRICT OF CALIFORNIA

9

DANNY V. BORQUEZ,                    )          1:07-cv-00879 LJO GSA

10                                   )
                                     )          FINDINGS AND RECOMMENDATION
11                                   )          REGARDING DISMISSAL OF ACTION
                                     )          FOR FAILURE TO OBEY A COURT
12            Plaintiff,             )          ORDER
                                     )          (Document 10)
13        vs.                        )
                                     )
14   MICHAEL J. ASTRUE, Commissioner, )
                                     )
15                                   )
              Defendant.             )
16   _____ )

17         On June 20, 2007, Plaintiff filed the present action in this Court.  Plaintiff seeks review of the

18   Commissioner's denial of his application for benefits.  On June 20, 2007, Plaintiff also filed a

19   motion to proceed in forma pauperis.  Thereafter, on June 22, 2007, this Court granted Plaintiff's

20   motion to proceed in forma pauperis and ordered that the Clerk of this Court issue summons and the

21   United States marshal serve a copy of the complaint, summons and order upon the defendant "as

22   directed by the plaintiff."  (Document 3.)

23         The order granting the motion to proceed in forma pauperis included the following

24   attachments:  (1) Instructions and Notice of Submission and (2) USM-285 Form.  The instructions

25   directed Plaintiff to provide the clerk's office with the original and five copies of the Summons, five

26   copies of the order directing service by the U.S. Marshal, five copies of the complaint, one

27   completed USM-285 form addressed to the Social Security Administration and five copies of any

28                                          1

1    other documents to be served.  Plaintiff was served with the aforementioned order and attachments

2    by mail on June 26, 2007.

3          As of January 8, 2008, Plaintiff had not submitted the required documents to the clerk's

4    office for service by the United States Marshal on the defendant(s).  Accordingly, this Court issued

5    an order for Plaintiff to show cause why the action should not be dismissed for failure to submit the

6    required documents and to prosecute this action in a timely manner.  (Document 7.)

7          On January 25, 2008, Plaintiff filed a written response to the Order to Show Cause and

8    requested additional time to obtain a lawyer and to submit the correct paperwork.  (Document 8.)  On

9    January 30, 2008, this Court issued an order (1) discharging the Order to Show Cause issued on

10   January 7, 2008, and (2) granting Plaintiff twenty (20) days from the date of the order to submit the

11   required paperwork to the clerk's office for service by the United States Marshal.  (Document 10.)

12   More than twenty (20) days have passed and Plaintiff has not submitted the required documents to

13   the clerk's office for service by the United States Marshal on the defendant(s).

14         Local Rule 11-110 provides that "[f]ailure of counsel or of a party to comply with these Rules

15   or with any order of the Court may be grounds for the imposition by the Court of any and all

16   sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

17   control their dockets and "[i]n the exercise of that power they may impose sanctions including,

18   where appropriate . . . dismissal."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).

19   A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

20   failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46

21   F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963

22   F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

23   amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for

24   failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address);

25   Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

26   with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of

27   prosecution and failure to comply with local rules).

28

1    In determining whether to dismiss an action for lack of prosecution, failure to obey a court

2    order, or failure to comply with local rules, the court must consider several factors: (1) the public's

3    interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk

4    of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

5    (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

6    1423; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

7    In the instant case, the court finds that the public's interest in expeditiously resolving this

8    litigation and the court's interest in managing the docket weigh in favor of dismissal.  Despite this

9    court's show cause order and a subsequent extension of time, Plaintiff has not submitted the proper

10   paperwork to the clerk for service of the complaint.  The third factor, risk of prejudice to defendants,

11   also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of

12   unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.

13   1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly

14   outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a

15   party that his failure to obey the court's order will result in dismissal satisfies the "consideration of

16   alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779

17   F.2d at 1424.  The court's order requiring plaintiff to respond to the order to show cause or otherwise

18   prosecute this action expressly stated: "Failure to respond to this Order to Show Cause within the

19   time specified will result in dismissal of this action."  Additionally, the court's order granting

20   Plaintiff's request for an extension of time to submit the required paperwork expressly stated:

21   "Failure to respond to this Order within the time specified will result in dismissal of this action."

22   Thus, Plaintiff has had adequate warning that dismissal would result from his noncompliance with

23   the court's order.

24   Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on

25   Plaintiff's failure to obey the court's order entered on January 30, 2008, and his failure to prosecute

26   this action in a timely manner.

27   These findings and recommendation are submitted to the United States District Judge

28

3

1   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days

2   after being served with these findings and recommendations, plaintiff may file written objections

3   with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

4   and Recommendation."  The parties are advised that failure to file objections within the specified

5   time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

6   Cir. 1991).

12          IT IS SO ORDERED.

13          **Dated:    March 11, 2008**                    **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE

                                        4